IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,　　　：
　　　　　　　　　　　　　　　　　：
v.　　　　　　　　　　　　　　　　：　　　Civil Action No. 2:04cr182
　　　　　　　　　　　　　　　　　：
EDMOND J. FAISON, JR.　　　　　 ：
　　　　　　　　　　　　　　　　　：
　　　Defendant.　　　　　　　　 ：

## OPINION

This matter is before the Court on Defendant Edmond J.
Faison's ("Faison") Motion to Dismiss both Counts I and II of the
criminal indictment in this case based on a violation of the
Speedy Trial Act.  (Docket No. 30).  The motion was argued on
December 5, 2005.  Alex Chizhik, Esquire appeared on behalf of
the government.  Larry M. Dash, Esquire appeared on behalf of and
with defendant Faison.  The Official Court Reporter was Jody
Stewart.

Immediately following oral argument, and after review of the
parties' briefs and other relevant material, the Court **DENIED** on
the record defendant's motion.  The Court issues this Opinion to
explain its reasoning.

## I.  Background

Defendant Faison was arrested on March 17, 2005 and charged
with two Counts: 1) being a previously declared habitual offender
who operated a motor vehicle on the highways of the Commonwealth

of Virginia in violation of 18 U.S.C. §§ 7 and 13, assimilating Va. Code §§ 46.2-357(B)(3); and 2) operating a motor vehicle on the highways of the Commonwealth of Virginia while his privilege to operate a motor vehicle was suspended in violation of 18 U.S.C. §§ 7 and 13, assimilating Va. Code §§ 46.2-301.

On March 21, 2005, a detention hearing was conducted and defendant was released on bond.  On April 20, 2005, defendant moved to dismiss the charges because he was not operating the vehicle on a "highway" of the Commonwealth of Virginia.[1] (Docket No. 10).  On May 17, 2005, upon the conclusion of a hearing on defendant's motion, the Court stated its intention to dismiss the charges by written Opinion and Order.[2]

On June 14, 2005, the government filed a Motion for Reconsideration, bringing new authority to the Court's attention. (Docket No. 20).  On June 27, 2005, defendant Faison responded to the government's Motion.  (Docket No. 21).  Before the Court could act on the Motion, the government filed on July 8, 2005 a Supplemental Motion for Reconsideration, bringing yet more new

---

[1] Defendant Faison was operating the vehicle on Nider Boulevard which serves as the entrance to Little Creek Amphibious Base, Virginia Beach, Virginia.  The question presented was whether the portion of Nider Boulevard approaching the gated entrance to the naval base is a "highway" within the meaning of Va. Code § 46.2-100.

[2] The Court informed the parties that entry of the Court's forthcoming Opinion and Order "will be the beginning of the time to appeal."  (Docket No. 19, p. 56, ln. 11-12).

authority to the Court's attention.  (Docket No. 22).  The United States filed a Second Supplemental Motion for Reconsideration on July 27, 2005 (Docket No. 23), and a Third Supplemental Motion for Reconsideration on October 28, 2005 (Docket No. 24).[3]

On November 18, 2005, the United States Attorney and defense counsel appeared on a Pre-Trial Release Violation.  At the Court's request, counsel also argued the pending Motions To Reconsider.  By Opinion and Order dated November 22, 2005, the Court granted the Motions to Reconsider and DENIED defendant's Motion to Dismiss.  (Docket No. 29).  The Court tried defendant Faison on December 5, 2005 and found him guilty of both counts of the indictment.

## II.  Discussion

In criminal actions in which a defendant enters a plea of not guilty, "the trial . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).

---

[3] The government's supplemental filings were welcomed by the Court as the pending issue involved shifting precedent.  Each submission addressed new precedent on the definition of the term "highway" as used in Virginia statutes and how it applies to roads leading to gated entrances of secured government installations.

Computation of this seventy day window does not include "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  18 U.S.C. § 3161(h)(1)(F).

Defendant Faison argues that his right to a speedy trial was violated because the 70 day window was exceeded.  He claims that the time between the Court's oral statement of its intent to grant his Motion to Dismiss (May 17, 2005) and the Court's Opinion and Order denying the Motion to Dismiss and granting the United States Motion for Reconsideration (November 22, 2005) should be included in the calculation of the speedy trial clock.[4]

"If a hearing is conducted, then § 3161(h)(1)(F) applies and 'all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is reasonably necessary' is excluded under the Speedy Trial Act." U.S. v. Bush, 404 F.3d 263, 273-74 (4th Cir. 2005)(quoting Henderson v. U.S., 476 U.S. 321, 329 (1986)).

A hearing was conducted on November 18, 2005.  At the hearing, both parties argued the United States' pending Motions

---

[4] Defendant Faison concedes that a portion of this time-frame should be tolled in accordance with 18 U.S.C. § 3161(h)(1)(J) which allows up to a 30 day delay while the matter is under advisement.  Application of the provision to the disputed time-frame is unnecessary because if applied, the number of days less the 30 days for tolling would still result in a number that far exceeds the 70 day speedy trial window.

for Reconsideration.  Defendant asserts that because neither party requested a hearing section 3161(h)(1)(J) applies and should not toll the statute.  However, the Fourth Circuit has held that conducting a hearing triggers application of section 3161(h)(1)(F).  Id. at 273.  Subsection (J) only applies when no hearing occurs or after a hearing has been conducted.  Id.

Even though neither party requested a hearing, the Court believed a hearing to be necessary.  The question of whether Nider Boulevard is a "highway" under the laws of Virginia has been a difficult question for this Court to answer as evidenced by its ultimate decision.  The Court would have scheduled oral argument on the Motion for Reconsideration had the parties not addressed the issue at the Pre-Trial Release violation hearing.

Defendant Faison agrees that the speedy trial clock ("the clock") totaled 28 days as of May 17, 2005.  Pursuant to 18 U.S.C. § 3161(h)(1)(J), the speedy trial clock was tolled for 30 days after the first hearing while the Court prepared an Opinion and Order.[5]  Before this 30 day window expired, the United States filed its Motion for Reconsideration on June 14, 2005.

The clock was then tolled until November 18, 2005 (conclusion of the second hearing) in accordance with section

---

[5] Section 3161(h)(1)(J) tolls the statute for "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

3161(h)(1)(F).  The clock was further tolled while the motions were under advisement (November 19, 2005 until the Opinion and Order issued on November 22, 2005).  The clock restarted on November 23, 2005 and ran 13 days until the trial on December 5, 2005.  Thus, the speedy trial clock totaled 41 days on the day of defendant Faison's trial.

### III.  Conclusion

For the aforementioned reasons, the court **DENIED** defendant's Motion to Dismiss Counts I and II.


_____/s/_____
Walter D. Kelley, Jr.
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 24, 2006